**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel: 516.826.6500
Joseph S. Maniscalco, Esq.
Jacqulyn S. Loftin, Esq.
*Counsel to Esther DuVal, Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| AVENICA, INC., et al., | Case Nos.: 17-41813-ESS |
| | 17-41814-ESS |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------------x
ESTHER DUVAL, Solely in her Capacity as the
Chapter 11 Trustee of the Gallant Capital Markets,
Ltd. estate,

            Plaintiff,

  -against-                              Adv. Pro. No. _____

IPSUM CONSULTING GROUP LLC,

          Defendant.                  **COMPLAINT**
-------------------------------------------------------------x

Esther DuVal, solely in her capacity as the Chapter 11 Trustee (the "Plaintiff") of the jointly-administered estates of Avenica Inc. ("Avenica") and Gallant Capital Markets, Ltd. ("Gallant", along with Avenica are collectively referred to as the "Debtors"), on behalf of the Gallant estate, by her counsel, LaMonica Herbst & Maniscalco, LLP, as and for her complaint against IPSUM Consulting Group LLC (the "Defendant"), alleges as follows:

## NATURE OF THE PROCEEDING

1. The Plaintiff brings this action to recover monies preferentially transferred by Gallant to the Defendant.

1

2. This action is brought by the Plaintiff solely in her capacity as the representative of the Gallant estate, and for the benefit of the Gallant creditors and other parties in interest.

## JURISDICTION AND VENUE

3. Since this action arises under the pending Chapter 11 bankruptcy cases of the Debtors, the United States Bankruptcy Court, Eastern District of New York (the "Court"), has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334 and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. The statutory predicates for the claims asserted herein are 11 U.S.C. §§ 502, 541, 542, 544, 547, and 550 (the "Bankruptcy Code") and Bankruptcy Rules 6009 and 7001.

5. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), and (b)(2)(F).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

7. In accordance with Local Bankruptcy Rule 7008-1, the Plaintiff consents to the entry of final orders and judgment by this Court if it is determined that this Court, absent the consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## THE PARTIES

8. Upon information and belief, the Defendant is an entity whose principal place of business is located at 745 Atlantic Avenue, 8th Floor, Boston, Massachusetts.

9. The Plaintiff is the duly appointed Chapter 11 Trustee of the Debtors' jointly administered estates.

## PROCEDURAL HISTORY

10. On April 14, 2017 (the "Filing Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Court.

11. The Debtors were operating their businesses and managing their affairs as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

12. By Order dated May 30, 2017, Esther DuVal, CPA, was appointed as the Chapter 11 Trustee of the Debtors' cases [Dkt. No. 67].

13. By Amended Order entered on August 29, 2017, the Debtors cases are being jointly administered [Dkt. No. 145].

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

14. Gallant operated a foreign exchange technologies and services to private and institutional traders.

15. Gallant's principal place of business was located at 3170 Nemours Chambers Road, Tortola, British Virgin Islands, with a mailing address as 5068 44th Street, Woodside New York 11377.

16. Based upon a review of the Debtors' books and records, in the ninety (90) days before the Filing Date, Gallant made a transfer to the Defendant.

17. Specifically, on or about March 2, 2017, Gallant made a transfer in the amount of $41,000.00 to the Defendant [Wire Confirmation No. 1255396689] (the "Transfer").

## FIRST CLAIM FOR RELIEF
**(Turnover of Property of the Estate Pursuant to 11 U.S.C. §§ 541 & 542)**

18. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "17" as if set forth fully herein.

19. Gallant has a legal and equitable interest in the funds comprising of the Transfer.

20. Gallant legal and equitable interest in the funds comprising of the Transfer is property of the Gallant estate.

21. Upon information and belief, the Defendant is holding assets, which are property of the Gallant estate.

22. By reason of the foregoing, and in accordance with Bankruptcy Code §§ 541 and 542, the Plaintiff is entitled to the entry of an Order and Judgment directing the Defendant to turn over the Transfer, or the value thereof, in an amount as yet undetermined, but in no event believed to be less than $41,000.00, plus interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court.

## SECOND CLAIM FOR RELIEF
### (Preferential Transfer Pursuant to 11 U.S.C. § 547)

23. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "22" as if set forth fully herein.

24. The Transfer was made within ninety (90) days of the Filing Date.

25. The Transfer was made on account of an antecedent debt for services rendered or goods delivered to Gallant by the Defendant.

26. At the time of the Transfer, the Defendant was a creditor of Gallant within the meaning of Bankruptcy Code § 101(10).

27. The Transfer was made to, or for the benefit of, the Defendant.

28. The Transfer enabled the Defendant to receive more than they would have otherwise received: (a) if the Gallant bankruptcy case was a case under Chapter 7 of the Bankruptcy Code; (b) if the Transfer had not been made; and (c) if the Defendant received payment to the extent provided by the provisions of the Bankruptcy Code.

29. The Transfer was made while Gallant was insolvent.

30. Under Bankruptcy Code §§ 547(b) and 550, the Plaintiff may avoid the Transfer.

31. By reason of the foregoing, the Plaintiff is entitled to an Order and Judgment against the Defendant: (a) avoiding the Transfer pursuant to Bankruptcy Code § 547; and (b) setting aside the Transfer as a preferential Transfer; or, in the alternative, an Order and Judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $41,000.00, plus interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court.

### THIRD CLAIM FOR RELIEF
**(Disallowance of Claim Pursuant to 11 U.S.C. § 502(d))**

32. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "31" as if set forth fully herein.

33. The Defendant was the initial transferee of the Transfer or the immediate or mediate transferee of such initial transferee of the person for whose benefit the Transfer were made.

34. By reason of the foregoing and pursuant to the Bankruptcy Code § 502(d), claims, if any, of the Defendant against Gallant estate must be disallowed until such time as the Defendant pays to the Gallant estate to the amount of the Transfer, together with interest.

**WHEREFORE,** the Plaintiff demands judgment on her claims for relief against the Defendant as follows:

(1) On her first claim for relief against the Defendant, entry of an Order and Judgment, in accordance with Bankruptcy Code §§ 541 and 542, directing the Defendant to turn over the Transfer, or the value thereof, in an amount as yet undetermined, but in no event believed to be less than $41,000.00, plus interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court; and

(2) On her second claim for relief against the Defendant, entry of an Order and Judgment: (a) avoiding the Transfer pursuant to Bankruptcy Code § 547; and (b) setting aside the Transfer as a preferential Transfer; or, in the alternative, an Order and Judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $41,000.00, plus interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court; and

(3) On her third claim for relief and the Defendant, entry of an Order and Judgment disallowing claims of the Defendant, if any, against the Gallant estate; and

(4) such other and further relief as the Court deems just and proper.

Dated: April 12, 2019
Wantagh, New York                    Respectfully submitted,

**LAMONICA HERBST & MANISCALCO, LLP**
Counsel to the Plaintiff Esther DuVal, as
Chapter 11 Trustee

By:   ***s/Jacqulyn S. Loftin***
Joseph S. Maniscalco, Esq.
Jacqulyn S. Loftin, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel: 516.826.6500

*M:\Documents\Company\Cases\Gallant and Avenica cases\Preference Adv Proc\GKR Consulting\GKR Consulting Complaint.docx*